UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMONT STERLING JOHNSON,

        Petitioner,

  vs.

ROBERT HOREL, Warden,

        Respondent.

                                        /

No. C 07-4483 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MIXED**

Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Venue is correct here because he was convicted in Contra Costa County, which is in this district. He has paid the filing fee.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner says in his petition that he presently has a state habeas petition pending in the California Court of Appeal. He says that in the state petition he has raised two claims which also are raised in this petition, ineffective assistance of trial counsel in failing to call a forensic expert and judicial misconduct in disparaging counsel's closing argument. Pet. at 5, attachment at 5, ¶ ¶ 15 & 16. Presumably these issues are not exhausted. He did raise

several of the other issues he raises here in his direct appeal, so this probably is a mixed petition. *See People v. Johnson*, 2006 WL 1349345 (Cal. App. May 17, 2006).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

**CONCLUSION**

Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be treated as mixed. If he concedes that it is mixed, the petition will be dismissed as mixed unless he chooses one of three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[1]

---

[1] Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The time that a federal petition, such as this one, is pending is not excluded. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001). The existence of the statute of limitations means that this option might be more apparent than

(2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted;[2] or (3) he may ask for a stay of this case while he exhausts the unexhausted issues in state court, then, if unsuccessful in state court, return here and ask that the stay be lifted.  If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics."  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

**IT IS SO ORDERED.**

Dated:  March 7, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\JOHNSON,L4483.OSC-P.wpd

---

real, because of the risk that any subsequent federal petition might be barred by the statute of limitations.

[2] If he chooses this option he probably will not be able to file a future federal petition, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

3