AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**E-filing**

| United States District Court | District | Northern District of California |
|---|---|---|

| Name | Prisoner No. | Case No. |
|---|---|---|
| Lamont Sterling Johnson | V01262 | C074483 |

Place of Confinement   Pelican Bay State Prison   P.O. Box 7500 Crescent City, CA

Name of Petitioner (include name under which convicted)   Name of Respondent (authorized person having custody of petitioner)

Lamont Sterling Johnson   v.   Robert Horel PBSB

The Attorney General of the State of:   State of California

### Amended PETITION

1. Name and location of court which entered the judgment of conviction under attack   Contra Costa Superior Court, Martinez, CA

2. Date of judgment of conviction   7-18-03

3. Length of   LWOP

4. Nature of offense involved (all counts)   PC187, with special cirnumstance (Robbery - murder)   PC211/2125 2nd degree robbery

5. What was your plea? (Check one)
   (a) Not guilty   ☒
   (b) Guilty   ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241  (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court ___Court of Appeal___

   (b) Result ___Conviction Affirmed___

   (c) Date of result and citation, if known ___2005 - A103544___

   (d) Grounds raised _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court ___Supreme Court of California___

   (2) Result ___Petition for Review denied___

   (3) Date of result and citation, if known ___2006___

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐  No ☒  Other than the original petition to this amended petition

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(3)

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ See Attached _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____

**Claim # 1**
The Government's destruction of exculpatory evidence violated Petitioner's Sixth Amendment right to a fair trial and to present a defense and Fourteenth Amendment right to Due Process.

**Supporting Facts:** Shortly after the homicide, the East Bay Regional Park Police Department obtained information about a white, blond suspect. (Both petitioner and co-defendant Lemar Harrison, who was tried separately, are African American.). This information came to light after Petitioner was convicted in April of 1999. Petitioner moved for a new trial. During an evidentiary hearing regarding the suppressed information about the third suspect, it was discovered through the efforts of a defense forensic computer expert that Detective Tim Anderson had attempted to erase a press release about the third suspect from the Department's computer, only a few hours after information about the third suspect had first been conveyed to the prosecution by co-defendant Harrison's counsel. Moreover, it was found that the Department had, in direct disobedience of a court order to preserve all computer files, sent the hard drive with the original press release to be dismantled for salvage. In December of 2000, the trial court granted Petitioner a new trial, based on governmental misconduct. (In addition to the information about the blond suspect, the trial court found that there was other exculpatory information in possession of the prosecution team that had been improperly been withheld from the defense, including evidence that the victim was in possession of a large amount of cash that was never recovered.) Despite extensive investigation, the defense never found out the source of the information about the third suspect, although several witnesses, including a retired detective recalled that Anderson and other officers had discussed a blond suspect during the early stages of the investigation.

**Claim # 2**
The trial court's refusal to give jury instructions requested by the defense regarding the suppression and destruction of evidence by the prosecution violated Petitioner's Sixth Amendment right to present a defense and Fourteenth Amendment right to due process.

**Supporting Facts:** Despite the extensive evidence of suppression and misconduct by the Government, the trial court denied Petitioner's special instructions that would have informed the jury that 1) it could draw an adverse inference from the prosecution's destruction of evidence; 2) presume that the destroyed evidence was unfavorable to the prosecution's case and 3) that the destruction of evidence could be used as a circumstance to show the Petitioner was not guilty.

**Claim # 3**
The prosecution's use of false testimony and presentation of a theory inconsistent with that presented in the co-defendant's trial violated Petitioner's Sixth Amendment right to a fair a trial and Fourteenth Amendment right to due process.

**Supporting Facts:** Paul Stelly was an inmate who claimed to have spoken with both co-defendant Lemar Harrison, and Petitioner when Harrison and Petitioner were awaiting trial.

- 1 -

Stelly was called as a witness by Harrison at Harrison's trial and Stelly testified that Petitioner had admitted killing the victim and that he acted alone. Deputy DA David Brown aggressively attacked Stelly's testimony and argued to the court that Stelly was a liar because Harrison was the actual killer. Brown specifically stated that there was no evidence that anyone other than Harrison fired the gun. At Petitioner's trial, over Petitioner's objection, Brown called Stelly as a witness and argued to the jury that Stelly was credible in support of the theory that Petitioner was the actual shooter. Moreover, the defense provided information to the prosecutor that showed deliberate falsehoods made by Stelly, including the forging of a letter written to the court in Stelly's own case, but the prosecution presented his testimony anyway.

**Claim# 4**
The trial court's denial of an evidentiary hearing on the prosecution's use of false testimony and inconsistent theories violated Petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:**
DDA Brown tried to justify his change in theories by telling the court that Stelly's testimony at Harrison's trial was new information to him that he learned only when Stelly testified. The trial court denied Petitioner's request for an evidentiary hearing so that sworn testimony could be taken on the veracity of Brown's claim.

**Claim # 5**
The trial court's exclusion of the prosecutor's admissions in the co-defendant's case violated Petitioner's Sixth Amendment right to present a defense and Fourteenth Amendment right to due process.

**Supporting Facts:** After the trial court denied Petitioner's motion to exclude Stelly's testimony and request for an evidentiary hearing, Petitioner unsuccessfully sought to introduce, from co-defendant Harrison's trial, DDA Brown's cross-examination of Stelly and argument that Stelly was not credible and that Harrison was the sole shooter under the theory that these statements were admissions of a party opponent.

**Claim # 6**
The trial court's erroneous admission of evidence regarding gunshot residue testing in the prosecution's rebuttal when it was not introduced in the case-in-chief, violated Petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:** The prosecution had evidence that one particle of gunshot residue was found on the right cuff of petitioner's shirt. In their case-in-chief, the prosecution did not introduce this evidence, although the prosecution did present evidence that Petitioner had handled a gun many hours after the shooting. Only after Petitioner presented his case, did the prosecution call a witness to testify about the gunshot residue testing

**Claim # 7**
The trial court's erroneous admission of evidence showing the facts underlying Petitioner's escape attempt for impeachment purposes violated Petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:** After petitioner was convicted at the first trial, he was involved in an escape attempt. The prosecution sought to introduce this evidence to show consciousness of guilt. As there were alleged threats against a jail deputy during the escape attempt, the trial court ruled that no evidence of threats would be allowed because the probative value was outweighed by the prejudicial impact. The parties agreed to stipulate that Petitioner was involved in an attempted escape. When it appeared that Petitioner would testify, the prosecutor sought to introduce the circumstances of the escape as impeachment. The prosecution refused to stipulate and the trial court permitted two guards to testify about the circumstances of the escape, including the threats.

**Claim # 8**
The trial court's erroneous admission of testimony by a gang expert when there were no gang allegations charged, or evidence other than the expert's testimony indicating a gang connection to the crime, violated Petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:** Over Petitioner's objection, ex-police officer Sue Ellen Todd was qualified as a gang expert and testified that Petitioner and co-defendant Harrison were members of a gang called the AKP. Todd further testified that the AKP gang was involved in shootings, robberies and drug sales. Other than the testimony of Todd, there was no evidence that the crime was gang related. Further, the prosecution did not charge Petitioner with gang crimes or enhancements. Equally as troubling, Todd had no direct knowledge of Petitioner or Co-defendant Harrison, could name no specific crimes that she investigated involving AKP members and primarily based her opinion about the AKP's activities from reading one police report.

**Claim # 9**
The prosecutor's misstatement of law regarding the definition of major participant in regard to the felony-murder special circumstance, violated petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:** During closing argument, the prosecutor incorrectly equated "major participant" as required for the special circumstances finding with aiding and abetting and the court, relying on a depublished case overruled Petitioner's objection to the

**Claim # 10**
The trial court's instruction to the jury that the jury need not unanimously agree on a theory of murder violated Petitioner's Sixth and Fourteenth Amendment right to a unanimous jury.

**Claim # 11**
The trial court's failure to recuse the prosecutor because of a conflict of interest, violated Petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:** Based on facts developed during the three new trial motions and several hearings on the discovery violations, the court made findings that DDA David Brown improperly withheld discovery from the defense. Moreover, DDA Brown directly disobeyed court orders to attempt to remedy the discovery violations. In addition, Petitioner presented to the jury evidence of the state's misconduct to show the unreliability of the state's evidence. At least two of these witnesses, Elizabeth Wallace and Chief Norman Lapera testified that DDA Brown had been made aware of the information of the blond suspect, which Brown repeatedly denied. Based on DDA Brown's personal hostility towards Petitioner, defense counsel and the court, which impaired his ability to meet his ethical obligations as a prosecutor and because his credibility was a material issue that the jury needed to assess, Petitioner moved to recuse DDA Brown from Petitioner's case.

**Claim # 12**
The cumulative effect of the evidentiary and instructional errors set out above violated Petitioner's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process.

**Supporting Facts:** The numerous discovery violations, erroneous evidentiary rulings and faulty instructions, set out above, as well a prosecution by a conflict-ridden deputy District Attorney resulted in Petitioner receiving a constitutionally unfair trial.

**Claim #13**
Contra Costa County's systematic exclusion of African-Americans from Petitioner's jury venire, violated his Sixth Amendment right to a jury drawn from a representative cross-section of the community and Fourteenth Amendment right to due process.

**Supporting Facts:** For many years, Contra Costa County has had a severe problem with the under-representation of African-Americans on criminal juries in proportion to the County's overall African-American population. This issue has been the subject of several studies and discussed in several published opinions. While courts have found that statistically African-Americans are under-represented on juries, they have failed to find constitutional violations in the County's jury selection system. By the time of Petitioner's trial in 2003, there was no evidence that the County had taken any measures to correct the problem of under-representation of African-Americans that had gone on for at least twenty years. Therefore, the jury venire from which Petitioner's jury was drawn, contained a disproportionately low number of African-Americans, and the County having been on notice for many years that there methods of jury selection result in too few African-American jurors, rises to the level of constitutional violation.

**Claim# 14**
California's special circumstance statute, in particular the felon-murder provision, is overbroad, causing Petitioner's sentence to be unconstitutional under the Eighth Amendment prohibition against cruel and unusual punishment and the Fourteenth Amendment guarantees of equal protection and due process.

AO 241   (Rev. 5/85)

   C. Ground three: _____

      Supporting FACTS (state *briefly* without citing cases or law): _____

      _____
      _____
      _____
      _____
      _____
      _____

   D. Ground four: _____

      Supporting FACTS (state *briefly* without citing cases or law): _____

      _____
      _____
      _____
      _____
      _____
      _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing    Mike Kotin, Office of the Public Defender
        800 Ferry Street, Martinez, CA  94553

    (b) At arraignment and plea    Mike Kotin

AO 241   (Rev. 5/85)

 (c) At trial   Linda Fullerton 54 Railroad Ave., Pt. Richmond, CA 94801

  Amy Morton 521 Georgia Vallejo, Ca 94590

 (d) At sentencing   Linda Fullerton & Amy Morton

 (e) On appeal   Kathy Chavez P.O. Box 9006 Berkeley, CA 94709

 (f) In any post-conviction proceeding

 (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
 (a) If so, give name and location of court which imposed sentence to be served in the future:

 (b) Give date and length of the above sentence:

 (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3-24-08
Date

_____
Signature of Petitioner

(7)

# PROOF OF SERVICE BY U.S. MAIL

Case No. C-07-4483

Re: Lamont Sterling Johnson v. Robert Horel, Warden

I am employed in the County of Contra Costa, California. I am over the age of eighteen years and not a party to the within action. My business address is 54 Railroad Avenue, Point Richmond, California 94801.

On the date subscribed below, I deposited in the United Stated mail box the following document(s):

**PETITION FOR AN AMENDED WRIT OF HABEAS CORPUS**

Before I deposited the above-described documents in the United States mail box, I placed them in a sealed envelope addressed as follows:

Robert Horel, Warden
Pelican Bay State Prison
5905 Lake Earl Drive
Crescent City, CA 95531-7000

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 4, 2008, at Pt. Richmond, California.

*Carmen Franklin*
Carmen Franklin