UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMONT STERLING JOHNSON,

        Petitioner,                              No. C 07-4483 PJH (PR)

  vs.                                              **ORDER TO SHOW CAUSE**

ROBERT HOREL, Warden,

        Respondent.

                                      /

This is a habeas case brought pro se by a state prisoner. In the initial review order the court noted that petitioner conceded that two of his issues were not exhausted, so petitioner was ordered to show cause why the petition should not be dismissed as mixed. Petitioner has filed an amended petition omitting the unexhausted issues. The court will now review the amended petition to determine if an order to show cause should issue to respondent.

**BACKGROUND**

A Contra Costa County jury convicted petitioner of first degree murder and robbery. He was sentenced to a prison term of life without the possibility of parole. He unsuccessfully appealed his conviction to the California Court of Appeal, and the California Supreme Court denied review.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the government destroyed exculpatory evidence; (2) his right to a defense and right to due process were violated by the trial court's refusal to give an instruction on destruction of evidence; (3) his Sixth and Fourteenth Amendment rights were violated by the prosecution's presentation of false evidence and by its use of inconsistent theories; (4) his Sixth and Fourteenth Amendment rights were violated when the trial court refused to allow an evidentiary hearing on the use of false testimony and inconsistent theories; (5) exclusion of evidence of the prosecutor's examination in a co-defendant's trial, which would have revealed the inconsistent theories, violated due process; (6) the trial court violated his rights by allowing rebuttal evidence by the prosecution that did not rebut anything in the defense case; (7) his rights were violated by admission of the circumstances of his attempted escape from jail, evidence which was admitted to show consciousness of guilt; (8) admission of testimony from a gang expert violated petitioner's due process rights when there was no evidence other than the expert's own testimony that there was any gang involvement in the crime; (9) the prosecutor's misstatement of the law in closing violated due process; (10) the jury

1 instruction saying that the jury did not have to agree unanimously on a theory of the murder
2 violated petitioner's sixth amendment and due process rights; (11) the court's refusal to
3 disqualify the prosecutor violated petitioner's rights; (12) the cumulative effect of the above
4 errors made the trial fundamentally unfair; (13) petitioner's right to a jury drawn from a fair
5 cross-section of the community was violated; and (14) the felony-murder provisions of
6 California law are over-broad, so his sentence was cruel and usual and violated his due
7 process and equal protection rights.

These claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by regular mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  May 29, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\JOHNSON,L4483.OSC-R.wpd